O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| DARIO BARRERA, | Case No. 2:09-cv-01399-ODW(Ex) |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO QUASH LIEN AND CLARIFY THE COURT'S ORDER RE DISTRIBUTION OF ATTORNEY'S FEES [62]** |
| v. | |
| GAMESTOP CORPORATION, et al., | |
| Defendants. | |

Before the Court is attorney Alisa Goukasian's Motion to Quash Attorney Lien Asserted by Michael V. Jehdian and for Order to Clarify the Court's Order Regarding Distribution of Attorney Fees. (ECF No. 62.) Having carefully considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C. D. Cal. L. R. 7-15. Because the Court lacks jurisdiction over this matter, Goukasian's Motion is **DENIED**.

Federal courts are courts of limited jurisdiction. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). In *Kokkonen*, the parties reached a settlement and stipulated to dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii). *Id.* at 377–78. Following dismissal of the action, defendant

moved the district court to enforce the settlement agreement. *Id.* The district court entered an enforcement order, asserting an "inherent power" to do so; the Ninth Circuit affirmed. *Id.* at 377. The Supreme Court reversed, finding that "[n]either [Rule 41] nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation. . . . Enforcement of the settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction. *Id.* at 378.

The *Kokkonen* Court noted that federal courts have asserted ancillary jurisdiction for two separate, though sometimes related, purposes: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 379–80 (citations omitted). After dismissing applicability of the first prong, the Court noted with respect to the second prong "that the power asked for here"—enforcement of a settlement agreement giving rise to dismissal—"is quite remote from what courts require in order to perform their functions." *Id.* at 380. Notably, the Court indicated that "[t]he situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Id.* at 381.

Here, Goukasian calls upon the Court to determine the validity of a lien that co-counsel Jehdian asserted on a portion of the class-action fee award granted by this Court on November 29, 2010. (ECF No. 56.) The basis of Jehdian's lien is a purported fee-sharing agreement reached by the parties on January 6, 2009. (Jehdian Decl. ¶ 7.) Under the agreement, Jehdian and Goukasian would each receive 25% of all fees, and the Law Offices of Kesluk & Silverstein (which was retained for its class-action expertise) would receive the remaining 50% of fees. (*Id.*)

Plaintiff expressly agreed to this agreement in writing, in full compliance with California Rule of Professional Conduct 2-200.[1] (Jehdian Decl. ¶¶ 7, 8 & Ex. 2.)

This fee sharing agreement is even more remotely related to the underlying litigation in this case than the settlement agreement was to the litigation in *Kokkonen*, as the fee agreement had no bearing on the ultimate settlement of this case. Further, as in *Kokkenen*, the parties here neither conditioned dismissal of this action on compliance with the fee-sharing agreement nor included a separate provision in the Order Re: Final Approval of Class Action Settlement "retaining jurisdiction" to resolve such a dispute. (*See* ECF No. 57.) Quite to the contrary—and quite distinct from *Kokkonen*—the parties' fee-sharing agreement was *never disclosed to the Court* prior to the instant motion. Indeed, Goukasian and Kesluk & Silverstein's failure to disclose this agreement to the Court in its Motion for Attorney's Fees and Costs, coupled with the fact that Goukasian does not deny the agreement existed, smacks of deceit. Nevertheless, the Court finds in light of *Kokkonen* that it lacks jurisdiction to resolve this private dispute not directly related to the underlying litigation.

Goukasian urges that this Court has ancillary jurisdiction over this matter under Ninth Circuit precedent establishing that "ancillary jurisdiction exists over attorney fee disputes collateral to the underlying litigation." *Fed. Sav. & Loan Ins. Corp. v. Ferrante*, 364 F.3d 1037, 1041 (9th Cir. 2004) (citing *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 164–67 (1939) (ancillary jurisdiction existed over plaintiff's post-decree claim for fees out of the proceeds of the underlying litigation); *White v. N. H. Dep't of Educ.*, 455 U.S. 445, 454 (1982) (ancillary jurisdiction existed to award attorney's fees under 42 U.S.C. § 1988 to the prevailing party in the underlying litigation)). But the cases on which *Ferrante* relied for this statement addressed only

---

[1] The Central District of California has adopted 'the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and the decisions of any court applicable thereto' as the standard of professional conduct in the district. Local Rule 83-3.1.2.

1. the initial award of attorney's fees following termination of the litigation. Here,
2. attorney's fees have already been awarded and distributed. (ECF No. 56; Jehdian
3. Decl. & Ex. 3 ("On February 18, 2011, Goukasian and Jehdian entered into a new
4. 'Agreement Regarding Attorneys' Fees Dispute.' Pursuant to this agreement,
5. attorneys' fees awarded by the court were paid to Kesluk & Silverstein (50% of the
6. total attorneys' fees awarded by the court) and to Goukasian (25% of the total
7. attorneys' fees awarded by the Court). The remaining sum of $270,833.33 was in
8. dispute between [Jehdian and Goukasian] and was deposited with an escrow
9. company . . . ."). The only dispute here is how the attorney fees are to be divided
10. pursuant to a private fee-sharing agreement. Like the promissory note between the
11. law firm and its client, the law firm in *Ferrante* sought to enforce, the lien Goukasian
12. seeks to quash here "is wholly unrelated to the underlying action[]" and thus
13. inappropriate for invocation of ancillary jurisdiction. *Ferrante*, 364 F.3d at 1041; *see*
14. *also Taylor v. Kelsey*, 666 F.2d 53, 54 (4th Cir. 1981) (rejecting ancillary jurisdiction
15. over a claim by an attorney against co-counsel alleging that co-counsel had wrongful
16. terminated their association and deprived him of a share of a contingent fee);
17. *Bounougias v. Peters*, 369 F.2d 247, 249 (7th Cir. 1966) (rejecting ancillary jurisdiction
18. over a client's action challenging an attorney's contingency-fee agreement as
19. unconscionable and unsupported by consideration because the controversy was not
20. "dependent upon or ancillary to the personal injury litigation which generated the
21. fees"). *Ferrante* is therefore unavailing to Goukasian's position in this case.
22. ///
23. ///
24. ///
25. ///
26. ///
27. ///
28. ///

For the reasons discussed above, the Court holds that it lacks jurisdiction to grant Goukasian's requested relief. The Court therefore **DENIES** Goukasian's Motion.

**IT IS SO ORDERED.**

April 27, 2012

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**